[Crim. No. 8647.   Second Dist., Div. One.   Apr. 26, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. MIHALY ZACHAR, Defendant and Appellant.

Frank I. Hogan for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and David M. Rothman, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of a violation of Vehicle Code section 20001 (hit-and-run driving).

In an information filed in Los Angeles County July 20, 1962, the defendant was charged with driving an automobile which struck Jose Augustine Lewis and resulted in injury to such person, further with failing to stop and to give to Jose Lewis, or to any police officer at the scene of the accident, his name and address, the registration number of the vehicle which he was driving, the name of the owner of the vehicle, and further with failing to exhibit his operator's license and neglecting to render all reasonable assistance to Jose Lewis, he being in need of assistance by reason of the injuries sustained in the accident. The defendant was arraigned on July 20, 1962, and trial was set for August 14, 1962. A jury trial was waived and defendant was found guilty as charged. Defendant's application for probation was heard and sentence imposed on September 25, 1962. Defendant was sentenced to 90 days in jail, the sentence was suspended and defendant placed on probation for three years, a part of the terms being that he pay a fine of $350, obey all of the laws and comply with other usual directions.

A résumé of some of the facts is as follows: on June 6, 1962, shortly after 5 p.m., Jose Lewis, aged 12, started to cross 54th Street near 3rd Avenue in Los Angeles in the middle of the block. Defendant was driving a 1957 Lincoln automobile easterly on 54th Street and struck the boy with his car. Defendant stopped his car, got out and walked to

the area where the accident occurred. The boy apparently had stood up after being knocked down by the automobile and had walked to the curb area of the street, where he then lay down. The boy was bleeding at the mouth and on his leg. The defendant looked at the boy, went back to his automobile, got in and drove away. A lady who was driving a car on the street at or about the same time of the accident took down the number of defendant's car before he drove away and later gave the number to the police.

The driver of the automobile which struck the boy was told by a person at the scene of the accident "not to move his car"—however the driver "just went on." The boy was taken in an ambulance to a hospital, where he stayed for approximately six days.

The police arrived at the scene of the accident and secured the defendant's car number, and officers went to the defendant's address and located him. In a conversation with the police the defendant at first denied that he had been involved in any accident, however later on he changed his story and stated that he was scared, that it was not his fault, and that someone at the scene had told him to leave—that "he looked at the little boy and got back into his car and drove eastbound on 54th Street."

The defendant testified in his own behalf and indicated that he had voluntarily signed a statement prepared by the police department. He further testified in effect that the boy ran out into the street between two parked automobiles, that he had blown his horn and applied his brakes, and said, "my left fender touch him, you know, push him over. Then I stop completely with my car. I get out of the car. I was going over to the boy to see him and he was on the sidewalk. . . . So I was going to talk to him. Then he laid down in the street. I didn't know what to do. Nothing happened to me. So I was going back to the car. . . . I was going home. By the time I got home the police was waiting for me, as soon as I stop in front my car."

The defendant failed to give his name and address to anyone at the scene of the accident; he failed to give the registration number of the vehicle which he was driving and the name of the owner of such vehicle to any person at the scene of the accident; further he failed to exhibit his driver's license to anyone at the scene or to the boy whom he had struck, or to the police at the scene of the accident; and further he

failed to render to the boy any reasonable assistance, such as securing hospital or medical aid.

Appellant's counsel has filed a brief in this matter which misstates the record, distorts the facts, and is not in any respect of assistance to this court or to the appellant. We understand from the brief, if anything can be made therefrom, that appellant has two contentions, first, that the evidence was insufficient to sustain the conviction, and secondly, that the appellant did not receive a speedy trial.

Section 20001 of the Vehicle Code provides as follows:

"The driver of any vehicle involved in an accident resulting in injury to any person, other than himself, or death of any person shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of Sections 20003 and 20004, and any person failing to stop or to comply with the requirements under such circumstances is guilty of a public offense and upon conviction thereof shall be punished by imprisonment in the state prison for not less than one year nor more than five years or in the county jail for not to exceed one year or by fine of not to exceed five thousand dollars ($5,000) or by both."

Section 20003 of the Vehicle Code provides as follows:

"The driver of any vehicle involved in an accident resulting in injury to or death of any person shall also give his name, address, the registration number of the vehicle he is driving, the name of the owner, and upon request and if available exhibit his driver's license to the person struck or the driver or occupants of any vehicle collided with or shall give such information and exhibit his license to any traffic or police officer at the scene of the accident and shall render to any person injured in the accident reasonable assistance, including the carrying or the making arrangements for the carrying of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if such carrying is requested by the injured person."

The defendant was the driver of the automobile which struck the boy and injured him. As heretofore indicated the defendant, other than stopping his car, in nowise complied with any of the provisions of the law.

The offense occurred on June 6, 1962. An information was filed on July 20, 1962, and the trial was had on August 14, 1962, less than a month after the filing of the information. A probation officer's report was ordered and fur-

ther proceedings were continued to September 11, 1962. On September 4, 1962, the cause was advanced from September 11, 1962, and with counsel present and "the defendant personally consenting further proceedings continued to September 25, 1962." On September 25, 1962, judgment and sentence were pronounced.

There is no merit whatsoever to any of the contentions raised by appellant.

Appellant's counsel in this case has conducted himself in a manner which is not commendable. He misstated the law and the facts to the trial court in a document denominated as "Motion to arrest Judgment or for new trial in alternative: points and authorities" and in his statements to the trial judge at the time of pronouncing judgment and he misstated the evidence in his brief and in oral argument in this court.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.